# In The United States Court of Federal Claims

No. 13-00006C

(Filed: July 3, 2013)

_____

PUBLIC HOUSING AUTHORITIES
DIRECTORS ASSOCIATION, et al,

        Plaintiffs,

   v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____

The complaint in this action lists 359 separate plaintiffs who claim breaches of their individual Annual Contributions Contracts (ACCs) with the United States Department of Housing and Urban Development (HUD). Most plaintiffs are public housing agencies (PHAs), others are national or state trade associations.

This court has previously engaged in a detailed analysis of joinder under Rules of the Court of Federal Claims (RCFC) 19(a) and 20(a). *See Franconia Associates v. United States*, 61 Fed. Cl. 335 (2004); *Klamath Irr. Dist. v. United States*, No. 01-591L (Fed. Cl. April 21, 2005). Based upon the circumstances of plaintiffs here, and upon the interpretation of this court's joinder rules set forth in *Franconia Associates* and *Klamath*, the court concludes that plaintiffs in this case are improperly joined. In short, while the claims of these individuals obviously share common legal and factual questions, they do not meet the transactional test set forth in RCFC 20(a).

RCFC 21 allows the court to raise this issue *sua sponte* at any stage in the proceedings. Under that same rule, if a party is improperly joined, the proper remedy is not to dismiss the case entirely, but rather to drop the improper parties "on just terms."

Based on the foregoing:

1. The Clerk is ordered to sever the claims of each of the 358 plaintiffs listed on the Amended Complaint after Public Housing Authorities Directors Association.

2. The Clerk shall treat the claims of each of these plaintiffs as separate actions and shall assign separate docket numbers to each case, beginning with the number 13-00006C.

3. Pursuant to RCFC 42, these newly-created cases shall be consolidated for all purposes with *Public Housing Authorities Directors Association v. United States*, 13-00006C, unless otherwise ordered by the court, and all future filings in this matter shall be filed under the consolidated caption, unless otherwise ordered by the court.

4. This order does not require the parties to file or refile any additional documents in the newly-created cases, the dockets and records of which shall be deemed to include any prior filings in this action.

5. However, on or before August 5, 2013, plaintiffs' counsel shall remit to the court the filing fees of $350 for each of the newly-created cases, which were due pursuant to RCFC 77.1( c) at the time of filing in January 2013.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge